**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2512-24

TIANLE LI,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

          Submitted November 6, 2025 – Decided January 6, 2026

          Before Judges Mayer and Gummer.

          On appeal from the New Jersey Department of Corrections.

          Tianle Li, self-represented appellant.

          Matthew J. Platkin, Attorney General, attorney for respondent (Christopher Weber, Assistant Attorney General, of counsel; Leo R. Boerstoel, Deputy Attorney General, on the brief).

PER CURIAM

Tianle Li, an inmate at a correctional facility, appeals from a March 10, 2025 final decision of the New Jersey Department of Corrections (DOC). The DOC found Li guilty of prohibited act *.256 for "refusing to obey an order of any staff member" and imposed sanctions.[1] Li contends the record lacked substantial evidence she had committed the prohibited act and that the DOC erroneously based its decision on a prior disciplinary infraction. We disagree and affirm.

According to the correctional facility's supervisor of education, on March 4, 2025, Li approached her in a hallway. The supervisor instructed Li to submit her concerns through JPay, an electronic messaging system used by inmates within the correctional facility. Instead, Li followed the supervisor into the library. The supervisor repeatedly told Li to leave the library area. Li refused to leave until another staff member intervened. When the supervisor left the library, Li was in the hallway and complained to the supervisor about her library appointment. The supervisor told Li to go back to her wing and to return to the library at the time of her previously-scheduled appointment. According to the supervisor, Li refused to comply with her repeated directives to leave the area.

---

[1] "Prohibited acts preceded by an asterisk (*) are considered the most serious and result in the most severe sanctions." N.J.A.C. 10A:4-4.1(a).

A-2512-24

Other officers also instructed Li multiple times to walk away. Li did not move away from the supervisor until another officer approached her and demanded she leave the area. The supervisor characterized Li's behavior as "disrespectful and disruptive" to library operations.

Li was charged with *.256, "refusing to obey an order of any staff member," a prohibited act under N.J.A.C. 10A:4-4.1(a)(2)(xvii). Li was served with notice of the disciplinary charge. Li pleaded not guilty, claiming the charge was "totally fabricated."

A disciplinary hearing officer conducted a hearing. The hearing officer considered the supervisor's statement, video evidence of the incident, and Li's statement. Li asserted she had left the area when the supervisor told her to leave and denied she had refused to obey any order.

The hearing officer found Li guilty of prohibited act *.256. Referencing the supervisor's report and the video as evidence of Li's guilt, the hearing officer concluded Li had refused numerous orders of the supervisor. The hearing officer imposed ten days' loss of JPay, email, and canteen privileges. Under the "[r]eason(s) for sanction(s)" section of the adjudication report, the hearing officer referenced, among other things, Li's prior disciplinary history, specifically a "[*.]004 charge" on October 19, 2023. Prohibited act *.004 is

3

based on a violation of N.J.A.C 10A:4-4.1(a)(2)(i), "fighting with another person."  The disciplinary hearing officer who had adjudicated the *.004 charge was the same hearing officer who adjudicated the *.256 charge.  In the proceedings regarding the *.004 charge, the hearing officer modified the charge and found Li guilty of prohibited act .013, in violation of N.J.A.C. 10A:4-4.1(a)(3)(ii), "unauthorized physical contact with any person . . . ."

Li administratively appealed to the DOC the hearing officer's decision on the *.256 charge.  The DOC upheld the decision and found the sanctions were "proportionate to the offense" and "appropriate."

On appeal to this court, Li argues the evidence did not support the hearing officer's conclusion she had refused to obey an order, thereby committing prohibited act *.256.  Li further argues the *.256 violation should be dismissed because the hearing officer erred in basing the disposition of the *.256 charge on the prior *.004 charge.  We disagree.

"Our review of an administrative agency's final determination is limited." Columbia Fruit Farms, Inc. v. Dep't of Cmty. Affs., 470 N.J. Super. 25, 36 (App. Div. 2021).  In reviewing an agency decision, we determine:  "1) whether the decision is consistent with the agency's governing law and policy; 2) whether the decision is supported by substantial evidence in the record; and 3) whether,

4

in applying the law to the facts, the agency reached a decision that could be viewed as reasonable." Id. at 37. "We will disturb an agency's adjudicatory decision only upon a finding that the decision is 'arbitrary, capricious or unreasonable,' or is unsupported 'by substantial credible evidence in the record as a whole.'" Blanchard v. N.J. Dep't of Corr., 461 N.J. Super. 231, 237-38 (App. Div. 2019) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)); see also M.R. v. N.J. Dep't of Corr., 261 N.J. 322, 337 (2025). The challenger of the agency decision bears the burden of proving the decision was "arbitrary, unreasonable or capricious." In re M.M., 463 N.J. Super. 128, 136 (App. Div. 2020) (quoting McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002)). We are not bound by an agency's statutory interpretation or other legal determinations and review those de novo. Conley v. N.J. Dep't of Corr., 452 N.J. Super. 605, 613 (App. Div. 2018).

In an appeal from a final DOC decision in a prisoner disciplinary matter, we consider whether the record contains substantial evidence to support the decision the inmate committed the prohibited act. Blanchard, 461 N.J. Super. at 237-38; see also N.J.A.C. 10A:4-9.15(a) ("finding of guilt at a disciplinary hearing shall be based upon substantial evidence"). "Substantial evidence has been defined alternatively as 'such evidence as a reasonable mind might accept

as adequate to support a conclusion,' and 'evidence furnishing a reasonable basis for the agency's action.'" Blanchard, 461 N.J. Super. at 238 (quoting Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 192 (App. Div. 2010)).

Having reviewed the record, we are satisfied it contains substantial credible evidence that supports finding Li guilty of prohibited act *.256. The video evidence and the supervisor's report supported the determination that Li had failed to obey an order of a staff member.

Li faults the hearing officer for basing the disposition of the *.256 charge on the prior *.004 charge, contending the charges were unrelated and fabricated. Nothing in the record indicates the hearing officer who found Li guilty of the *.256 charge had based that finding on the *.004 charge. To the contrary, the hearing officer stated she had relied on the video evidence and the supervisor's report in determining Li's guilt.

Under "[r]eason(s) for sanction(s)," the hearing officer "note[d]" Li's "[*.]004 charge" as part of her "[p]ast [h]istory of correctional facility adjustment." Because she had been the hearing officer on the *.004 charge, the hearing officer on the *.256 charge was aware Li had been found guilty of prohibited act .013, not prohibited act *.004.

An inmate is generally "entitled to individualized reasons for the specific sanctions imposed." Malacow v. N.J. Dep't of Corr., 457 N.J. Super. 87, 97 (App. Div. 2018). Under N.J.A.C. 10A:4-9.17(a), a disciplinary hearing officer may individualize a sanction by considering the following factors:

1. Offender's past history of correctional facility adjustment;

2. Setting and circumstances of the prohibited behavior;

3. Involved inmate's account;

4. Correctional goals set for the inmate; and

5. The inmate's history of, or the presence of, mental illness.

See also Malacow, 457 N.J. Super. at 97. Thus, N.J.A.C. 10A:4-9.17(a)(1) expressly authorizes a hearing officer to consider an inmate's "past history of correctional facility adjustment." Furthermore, "the use of these or other sanctioning factors[] is left 'entirely to the discretion of the [hearing officer].'" Malacow, 457 N.J. Super. at 97 (quoting Mejia v. N.J. Dep't of Corr., 446 N.J. Super. 369, 378 (App. Div. 2016)).

Pursuant to N.J.A.C. 10A:4-4.1(a)(2)(xvii), prohibited act *.256 is a Category B offense. N.J.A.C. 10A:4-4.1(a)(2) provides that an inmate found

7

guilty of a Category B offense may receive time in a restorative housing unit[2]

and one or more of the sanctions set forth in N.J.A.C. 10A:4-5.1(g):

> 1.  Loss of one or more correctional facility privileges up to 30 calendar days;
>
> 2.  Loss of commutation time up to 365 calendar days, subject to confirmation by the Administrator . . . ;
>
> 3.  Loss of furlough privileges for up to two months;
>
> 4.  Up to two weeks confinement to room or housing area;
>
> 5.  Any sanction prescribed for On-The-Spot Correction (see N.J.A.C. 10A:4-7);
>
> 6.  Confiscation;
>
> 7.  Up to 14 hours extra duty, to be performed within a maximum of two weeks; and/or
>
> 8.  Loss of tablet or similar handheld electronic device for up to 30 calendar days.
>
> [N.J.A.C. 10A:4-5.1(g).]

See also Malacow, 457 N.J. Super. at 95.

Having found Li guilty of a Category B offense, the hearing officer was

authorized to impose on her one or more of the sanctions enumerated in N.J.A.C.

---

[2]  Pursuant to N.J.A.C. 10A:5-9.2, a restorative housing unit is "a structured, controlled environment where inmate behavior shall be closely monitored and documented by a team of custody and civilian staff."

A-2512-24

10A:4-5.1(g). In imposing those sanctions, the hearing officer considered the factors enumerated in N.J.A.C. 10A:4-9.17(a), including Li's "past history of correctional facility adjustment." N.J.A.C. 10A:4-9.17(a)(1). The DOC found "[t]he sanctions imposed [were] proportionate to the offense" and "appropriate." On that record, we have no basis to disturb the DOC's findings regarding the sanctions imposed on Li.

Li failed to demonstrate the DOC's decision finding her guilty of committing prohibited act *.256 and imposing sanctions for that violation was "'arbitrary, capricious or unreasonable,' or . . . unsupported 'by substantial credible evidence in the record as a whole.'" Blanchard, 461 N.J. Super. at 237-38 (quoting Henry, 81 N.J. at 579-80). Accordingly, we affirm the DOC's March 10, 2025 final decision.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division